UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARY PIERRE o/b/o JOHN CLARK, JR. | * | CIVIL ACTION |
| | * | NO. 25-2557 DIV. (2) |
| VERSUS | | |
| | * | MAG. J. CURRAULT |
| SOCIAL SECURITY ADMINISTRATION | | |
| | * | |

**ORDER AND REASONS**

Plaintiff Mary Pierre filed this suit seeking judicial review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") under 42 U.S.C. §§ 405(g) denying John Clark, Jr., Supplemental Social Security Income under Title XVI and Disability Insurance Benefits under Title II of the Social Security Act.  ECF No. 1.  Pursuant to 28 U.S.C. § 636(c) and the unanimous consent of the parties, the matter was referred to a magistrate judge for disposition.  ECF No. 13.

Pending before me is the Commissioner's Unopposed *Ex Parte/*Consent Motion for Entry of Judgment and Remand.  ECF No. 10.  For the reasons below, the motion is granted, the Administrative Law Judge's (ALJ) decision is reversed, and the matter is remanded for further administrative proceedings in accordance with sentence four of 42 U.S.C. § 405(g).  Judgment dismissing this case will be entered accordingly.

I.    **BACKGROUND**

On March 29, 2022, John Clark, Jr., filed an application for Supplemental Security Income (SSI) Title XVI of the Social Security Act and Disability Insurance Benefits (DIB) under Title II and Part A of Title XVIII of the Act, with disability beginning September 1, 2021.  ECF No. 8, Admin. Rec. at 433-44.

1

The Commissioner denied the claims for benefits on December 21, 2022. *Id.* at 86-87. Clark requested reconsideration of that decision, and on December 29, 2023, the hearing officer denied the applications on reconsideration. *Id.* at 116-17. Clark then requested a hearing before an Administrative Law Judge, which was conducted before ALJ Jim Frasier, who issued an unfavorable decision. *Id.* at 21-39. After the Appeals Council denied review on November 3, 2025, (*id*. at 1-4), Plaintiff filed this complaint seeking judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3) of the Commissioner's final decision.[1]

This Court issued a Briefing Schedule on March 3, 2026. ECF No. 11. However, after filing its Answer and Record of Proceedings, Defendant filed an Unopposed Motion for Judgment and Remand pursuant to the fourth sentence of 42 U.S.C. § 405(g) to allow the Commissioner to conduct a new administrative hearing and decision. ECF No. 10. The Commissioner's Motion denotes that the relief sought is unopposed.

## II.    APPLICABLE LAW AND ANALYSIS

Section 405(g) permits only two types of remand orders: "(1) remands pursuant to the fourth sentence, and (2) remands pursuant to the sixth sentence."[2] In this case, Defendant seeks remand under sentence four, which authorizes a court to enter a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing, based on the pleadings and transcript of the record.[3]

Reversal of the Commissioner's decision and remand for further proceedings is appropriate under sentence four of 42 U.S.C. § 405(g) when the record is insufficient to support the

---

[1] 42 U.S.C. §§ 405(g), 416(i), 423.
[2] *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991) (citation omitted).
[3] 42 U.S.C. § 405(g).

Commissioner's conclusions and further fact-finding is necessary.[4]  A sentence four remand requires the district court to enter a decision on the merits before remanding a case to the Commissioner.[5]  Thus, a request to remand for further administrative proceedings, like the remand requested in the Commissioner's motion, is a sentence four remand under section 405(g) and requires that the court enter a decision.[6]

The Commissioner's motion apparently, though not expressly, concedes that substantial evidence in the record is lacking at this time to uphold the decision when he asks that the court enter judgment and remand so that further proceedings may be conducted.  ECF No. 10 at 2. Accordingly, it appears that good cause exists to support reversal of the decision and to remand this case.

III.    **CONCLUSION**

Having reviewed the record, the submissions, and applicable law, for the foregoing reasons,

**IT IS ORDERED** that Defendant's Unopposed Motion to Remand (ECF No. 10) be GRANTED, and judgment be entered REVERSING the Commissioner's decision and REMANDING the case for further administrative proceedings.

New Orleans, Louisiana, this 23rd day of March, 2026.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[4] *See* 42 U.S.C. § 405(g); *Shalala v. Schaefer*, 509 U.S. 292, 297-98 (1993) (stating that a district court remanding a case pursuant to sentence four of Social Security Act must enter judgment either affirming, reversing or modifying the decision of the Commissioner); *Sullivan v. Finkelstein*, 496 U.S. 617, 625-26 (1990).

[5] *Melkonyan*, 501 U.S. at 98.

[6] *See Sullivan*, 496 U.S. at 625-26 (sentence four provides the appropriate relief when the evidence on the record does not support the Commissioner's conclusions and further fact finding is necessary).