UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARY PIERRE o/b/o JOHN CLARK, JR. | * | CIVIL ACTION |
| VERSUS | * | NO. 25-2557  DIV. (2) |
| SOCIAL SECURITY ADMINISTRATION | * | MAG. J. CURRAULT |

**ORDER AND REASONS**

This matter was referred to a magistrate judge for disposition pursuant to 28 U.S.C. § 636(c).  ECF No. 13.  Pending before me is Plaintiff Mary Pierre o/b/o John Clark Jr.'s *Ex Parte* Motion for Attorneys' Fees of $915.93 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  ECF No. 16.  The motion indicates that the Government has no objection to the request. *Id.* ¶ 11.

For the following reasons, the undersigned GRANTS the motion and ORDERS that Plaintiff Mary Pierre o/b/o John Clark Jr. be awarded attorneys' fees in the amount of $915.93 for fees incurred in this litigation.

## I.     BACKGROUND

Plaintiff Mary Pierre filed this complaint on behalf of John Clark Jr. seeking judicial review under 42 U.S.C. § 405(g) of the Commissioner's final decision denying Clark SSI and DIB benefits.  ECF No. 1.  Prior to the Scheduling Order's deadline for filing Plaintiff's Brief/Motion for Summary Judgment, the Commissioner filed a Consent Motion to Remand pursuant to the fourth sentence of § 405(g) to allow the Commissioner to conduct a new administrative hearing and decision.  ECF Nos. 10, 11.

On March 23, 2026, the undersigned granted the Consent Motion to Remand, reversed the Commissioner's decision, and remanded the case for further administrative proceedings.  ECF No.

1

14.  Plaintiff's Motion for Attorneys' Fees Pursuant to the EAJA followed.  ECF No. 16.  Plaintiff seeks recovery of attorneys' fees in the amount of $915.93, representing 2.6 attorney hours of expended time at $246.51 per hour and 2.75 hours of paralegal time at $100 per hour.  ECF No. 16 ¶ 11; No. 16-2 at 1.

## II.    APPLICABLE LAW

The EAJA specifies that the Court shall award attorneys' fees to a prevailing party in a civil action brought against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."[1]

### A.  Rate Charged

The EAJA provides that the amount of fees awarded to a prevailing party should be "based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee."[2]  The Consumer Price Index ("CPI") adjusted rate is the *maximum* rate that could be awarded, and while the EAJA vests the court with discretion to adjust the reasonable rate based on the cost of living and other factors,[3] it does not require adjustment and the statutory cap need not track increases in the cost of living.[4] Similarly, the EAJA allows for recovery of paralegal fees at prevailing market rates.[5]

To determine a reasonable rate, courts in the Fifth Circuit regularly adjust the current $125.00 statutory rate using the average CPI for the region where the work was performed for the

---

[1] 28 U.S.C. § 2412(d)(1)(A); *see also Sims v. Apfel*, 238 F.3d 597, 599-600 (5th Cir. 2001) (noting the EAJA  provides a mandatory attorney's fee award for a prevailing party if (1) the claimant is a "prevailing party"; (2) the position of the United States was not "substantially justified"; and (3) there are no special circumstances that make an award unjust (citing *Comm'r v. Jean*, 496 U.S. 154, 158 (1990))); *Calhoun v. Saul*, No. 18-9574, 2020 WL 8642054, at *1 (E.D. La. Nov. 25, 2020) (same).
[2] § 2412(d)(2)(A).
[3] *Id.* § 2412(d)(2)(A)(ii).
[4] *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988).
[5] *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 581 (2008).

specific year in which the work was performed.[6]  This requires the court to compare the CPI for this region in 1996 when the $125.00 rate was established and the CPI for the year in which the work was performed to arrive at a differential and then multiply that differential by $125.00 per hour.[7]

Judges in this district have regularly recognized that a cost-of-living increase from the statutory $125 per hour rate is appropriate[8] and recently awarded hourly rates for attorneys' fees ranging from $215 to $246 per hour.[9]  Similarly, judges in this district have approved of paralegal rates ranging from $75 to $125 an hour.[10]

---

[6] *Perales v. Casillas*, 950 F.2d 1066, 1079 (5th Cir. 1992) (instructing courts "to segregate the attorneys' hours by year and apply the appropriate cost-of-living adjustment on an annual basis"); *see also* https://www.bls.gov/regions/southwest/data/xg-tables/ro6xg01.htm (last visited June 23, 2026).

[7] *Cari Anne M. v. Bisignano*, No. 25-2830, 2026 WL 1139634, at *1 (S.D. Tex. Apr. 2, 2026) (collecting cases), *R.&R. adopted*, 2026 WL 1139634 (S.D. Tex. Apr. 27, 2026); *see also Songy v. Dudek*, No. 23-5700, 2025 WL 1884802, at *1 (E.D. La. July 8, 2025).

[8] *See, e.g.*, *Green v. Soc. Sec. Admin.*, No. 21-1362, 2022 WL 3643025, at *2 (E.D. La. Aug. 5, 2022) (Douglas, M.J.) (finding $200 per hour reasonable for cost-of-living adjustment), *R.&R. adopted*, 2022 WL 3594637 (E.D. La. Aug. 23, 2022); *Saucier v. Kijakazi*, No. 20-2373, 2022 WL 2132281, at *1 (E.D. La. June 14, 2022) (Vance, J.) (finding $194 per hour reasonable for cost-of-living increase); *Wigginton v. Soc. Sec. Admin.*, No. 19-11418, 2021 WL 3852293, at *3 (E.D. La. Aug. 27, 2021) (Brown, C.J.) (finding $205.84 per hour reasonable for work performed from 2019-2021); *Boasso v. Saul*, No. 18-5623, 2019 WL 5212277, at *2 (E.D. La. Oct. 16, 2019) (Zainey, J.) (finding $194 per hour reasonable for work performed in 2018).

[9] *Songy*, 2025 WL 1884802, at *2 (awarding $246.29 for work performed in 2024-25); *Wigginton*, 2021 WL 3852293, at *2 (awarding $205.84 per hour for work performed in 2019 through 2021); *T.V. v. Soc. Sec. Admin.*, No. 24-1118, 2025 WL 428500, at *1 (E.D. La. Jan. 7, 2025) (finding unopposed request for $234 hourly rate reasonable), *R.&R. adopted sub nom.*, *Valenti v. Soc. Sec. Admin.*, No. 24-1118, 2025 WL 416112 (E.D. La. Feb. 6, 2025); *Smith v. O'Malley*, No. 24-244, 2024 WL 5159280, at *2 (E.D. La. Dec. 18, 2024) (finding unopposed request for $239 hourly rate reasonable); *Kobrock v. Soc. Sec. Admin.*, No. 23-256, 2024 WL 1285242, at *2 (E.D. La. Mar. 26, 2024) (finding that rate of approximately $234 per hour reasonable); *Richardel v. Colvin*, No. 24-2093, 2025 WL 1386023, at *3 (E.D. La. Apr. 24, 2025) (finding rate of $215 reasonable), *R.&R. adopted sub nom.*, *Richardel v. Soc. Sec. Admin.*, No. 24-2093, 2025 WL 1380718 (E.D. La. May 13, 2025); *Carpenter v. Kijakazi,* No. 21-328, 2022 WL 16961122, at *1 (E.D. La. Nov. 16, 2022) (approving rates of approximately $207 per hour for work performed in 2021 and $221 per hour for work performed in 2022); *Adams v. Soc. Sec. Admin.*, No. 21-1246, 2022 WL 4119760, at *1 (E.D. La. Sept. 9, 2022) (approving $229 hourly rate).  Other districts impose lower reasonable rates.  *See, e.g.*, *Frank v. O'Malley*, No. 24-376, 2025 WL 1202542, at *3 (M.D. La. Apr. 25, 2025) (rejecting requested rate of $220 and awarding $175 hourly rate); *Carr v. Kijakazi*, No. 21-4454, 2023 WL 3168676, at *3 (W.D. La. Apr. 13, 2023) (finding prevailing market rate for social security fee awards under the EAJA of $200.00 per hour was reasonable), *R.&R. adopted*, 2023 WL 3168343 (W.D. La. Apr. 28, 2023).

[10] *Kobrock*, 2024 WL 1285242, at *2 & n.2 (stating that $75.00 per hour is the standard rate for paralegals in this district (citing *Carpenter*, 2022 WL 16961122, at *1)); *Dong Phuong Bakery, Inc. v. Gemini Society, LLC*, No. 21-1109, 2023 WL3453885, at *3 (E.D. La. May 15, 2023) (affirming award of $125 per hour for paralegal as within prevailing market rates); *Nelson v. Constant*, No. 17-14581, 2021 WL 76407, at *5 (E.D. La. Jan. 8, 2021) (approving hourly rate of $95 for investigative paralegal and collecting cases); *MCP Int'l, LLC v. Formula Four Beverages, Inc.*, No. 20-3440, 2021 WL 6102383, at *3 (E.D. La. Nov. 23, 2021) (finding that that $125/hour is the prevailing hourly

## B. Compensable Time

Only work of a legal nature is compensable.[11] A prevailing party can recover for paralegal work as part of its attorney's fees if the work was legal in nature.[12] Legal work must be distinguished from other activities that are purely clerical in nature, such as typing, copying, labeling, faxing, mailing, and filing or delivering pleadings.[13] Clerical or secretarial costs, whether performed by an attorney or paralegal, are part of office overhead and reflected in the billing rates.[14] When an attorney or paralegal performs a task that could be handled by clerical staff, the opponent should not be charged their hourly rates.[15] Further, fee applicants must exercise "billing judgment," meaning they should "exclude from a fee request hours that are excessive, redundant and otherwise unnecessary[.]"[16] The applicant must establish the hours requested are reasonable.[17]

---

rate for a paralegal in this district (citations omitted)); *U.S. ex rel. McNeil v. Jolly*, 451 F. Supp. 3d 657, 675 (E.D. La. 2020) (awarding $125 per hour after finding prevailing market rate for paralegals range from $100-$145); *Parkcrest Builders, LLC v. Hous. Auth. of New Orleans*, No. 15-1533, 2020 WL 2857377, at *4 (E.D. La. May 8, 2020) (approving $150 per hour for paralegal as market rate), *R.&R. adopted*, 2020 WL 2850167 (E.D. La. June 2, 2020); *Smith v. Bd. of Comm'rs of La. Stadium & Exposition Dist.*, No. 17-7267, 2019 WL 7580771, at *6 (E.D. La. Sept. 5, 2019) (awarding requested $100 per hour for paralegal work), *R.&R. adopted*, 2019 WL 7580772 (E.D. La. Oct. 1, 2019); *Mark v. Sunshine Plaza, Inc.*, No. 16-455, 2018 WL 1282414, at *4 (E.D. La. Mar. 12, 2018) (awarding the requested $75 per hour for the work of a paralegal), *R.&R. adopted*, 2018 WL 1960022 (E.D. La. Apr. 26, 2018), *appeal dismissed*, No. 18-30674, 2018 WL 6200317 (5th Cir. July 27, 2018); *Warder v. Shaw Grp., Inc.*, No. 09-4191, 2016 WL 3447950, at *4 (E.D. La. June 23, 2016) (rejecting paralegal rate of $233.28 and reducing same to $130 an hour); *Loiacano v. DISA Glob. Sols.*, No. 14-1750, 2016 WL 2926679, at *2 (E.D. La. May 19, 2016) (awarding $150 per hour for paralegal's work); *DirecTV, LLC v. Ertem*, No. 13-487, 2015 WL 459398, at *3 (E.D. La. Feb. 3, 2015) (finding a rate of $95 per hour for paralegals to be reasonable).

[11] Work of a legal nature includes "factual investigation, including locating and interviewing witnesses; assistance with depositions, interrogatories, and document production; compilation of statistical and financial data; checking legal citations; and drafting correspondence." *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989).

[12] *Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001).

[13] *See Lalla v. City of New Orleans*, 161 F. Supp. 2d 686, 710-11 (E.D. La. 2001); *Kuperman v. ICF Int'l*, No. 08-565, 2009 WL 10737138, at *9 (E.D. La. Oct. 13, 2009) (reducing hours billed for attorney time spent copying and Bates-numbering documents); *Fleming v. Elliott Sec. Sols., LLC*, No. 19-2348, 2021 WL 4908875, at *9-10 (E.D. La. Oct. 21, 2021) (disallowing charges for administrative tasks, including opening a file in a database, entering case updates in a management system, mailing letters, copying documents, calendaring deadlines, confirming contact information, and talking with a process server or court clerk).

[14] *Hagan v. MRS Assocs., Inc.*, No. 99-3749, 2001 WL 531119, at *9 (E.D. La. May 15, 2001) (citations omitted) (reducing hours billed for time attorney sent faxing documents), *aff'd sub nom.*, *Hagan v. M.R.S. Assocs., Inc.*, 281 F.3d 1280 (5th Cir. 2001).

[15] *Kuperman*, 2009 WL 10737138, at *9 (citations omitted).

[16] *Saucier*, 2022 WL 2132281, at *2 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434, 437 (1983)).

[17] *Id.* (citations omitted).

### C.  **The Proper Payee**

The Supreme Court has held that the term "prevailing party" in the EAJA refers only to the litigant, not to the litigant's attorney.[18]  Further, the § 2412(d) fees award is payable to the litigant because the government has a statutory right to offset the fee award against any preexisting debt that the litigant may owe to the United States.[19]  Thus, the EAJA award is payable directly to Plaintiff as prevailing party, not counsel.

### III.    **ANALYSIS**

In light of the Order remanding the case to the Commissioner for further administrative proceedings (ECF No. 14), Plaintiff is the prevailing party in this action.  Furthermore, the Commissioner does not object to Plaintiff's request for fees, evidently conceding that no special circumstances make an award of attorneys' fees unjust.  ECF No. 16 ¶ 11.  The Court, therefore, finds that Plaintiff is entitled to attorneys' fees under § 2412(d).  Having found Plaintiff entitled to attorneys' fees, the Court must now address the reasonableness of the rate charged and time expended on the matter.

Plaintiff requests an increase from the statutory $125 per hour rate to an hourly rate of $246.51 based upon the CPI prepared by the Bureau of Labor and Statistics for the South Urban B area.  ECF No. 16 at 3-4.  According to the Bureau of Labor Statistics report the average CPI-U in the month of March 1996 was 155.7.  The average CPI-U for December 2025 was 324.054, January 2026 was 325.252, and March 2026 was 330.213.  Considering the CPI-U rates during the

---

[18] *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010).

[19] *Id.* at 591-92; *Jackson v. Astrue*, 705 F.3d 527, 531 n.11 (5th Cir. 2013) (noting that "the government pays EAJA fees directly to the litigant"); *Francis o/b/o A.B. v. Saul*, No. 18-13862, 2020 WL 5095286, at *3 (E.D. La. Aug. 28, 2020) (holding that "a § 2412(d) [EAJA] fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes to the United States" (quoting *Ratliff*, 560 U.S. at 589)).

relevant period during which work was performed, the maximum adjusted EAJA rate would range from $260 to $265.

Plaintiff's requested rate of $246.51 falls within the maximum authorized rate. Further, the Government does not object to that rate nor to the paralegal rate of $100 per hour. Accordingly, the undersigned finds that an award of $246.51 per hour (adjusted from the statutory $125 amount based upon the CPI for attorney time) and $100 for paralegal time is reasonable and consistent with decisions in this district. Further, upon review of the itemized statement of time included and considering the lack of objection from the Commissioner, Plaintiff's requested award is proper.

However, while Plaintiff includes an assignment of fees transferring and assigning her rights and interests in any EAJA fees to her attorneys and requests that the award be issued to counsel, the practice in this Circuit is to award EAJA fees directly to the plaintiff, which protects any potential setoff rights. Thus, the award will be payable directly to Plaintiff.

## IV.    **CONCLUSION**

For the foregoing reasons, the Court finds that Plaintiff is the prevailing party and entitled to recover fees under the EAJA in the total amount of $915.93 made payable to Mary Pierre o/b/o John Clark Jr. Accordingly,

**IT IS ORDERED** that Plaintiff's motion for attorneys' fees (ECF No. 16) be GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff be awarded fees in the amount of $915.93, made payable to Mary Pierre o/b/o John Clark Jr.

New Orleans, Louisiana, this __25th__ day of June, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE